**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| JONATHAN PARRISH, § <br> Plaintiff § <br> § <br> vs. § <br> § <br> ROBERT JAMES & ASSOCIATES § <br> ASSET MANAGEMENT, INC., § <br> Defendant § | CIVIL ACTION NO. <br><br> Jury Trial Demanded |

**ORIGINAL COMPLAINT**

**NATURE OF ACTION**

1.      This is an action for damages brought by Plaintiff, Jonathan Parrish ("Plaintiff"), an individual, for Defendant's violations of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, the Texas Debt Collection Act ("TDCA"), Texas Deceptive Trade Practices Consumer Protection Act ("DTPA"), TEX. BUS. & COM. CODE §§ 17.01, *et seq.*, which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

2.      Plaintiff seeks to recover monetary damages for Defendant's violation of the FDCPA, the TDCA and the DTPA, and to have an Order or injunction issued by this Court preventing Defendant from persisting in its violative behaviors.

3.      Service may be made upon Defendant in any other district in which it may be found pursuant to 29 U.S.C. § 1132(e)(2).

**JURISDICTION AND VENUE**

4.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

## PARTIES

6. Plaintiff, Jonathan Parrish ("Plaintiff"), is a natural person residing in the State of Texas, County of Harris.

7. Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3) and the TEX. BUS. & COM. CODE § 17.50(a)(1) and TEX. FIN. CODE § 392.001(1).

8. Defendant, Robert James & Associates Asset Management, Inc. ("Defendant") is an entity which at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and by TEX. FIN. CODE § 392.001(6).

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by TEX. FIN. CODE § 392.001(2).

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes and Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

12. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

13. In connection with collection of an alleged debt in default, Defendant called Plaintiff's telephone on October 5, 2011 at 9:44 A.M., and at such time, left the following voicemail message:

> "This is Ms. Fuller contacting you from Robert James and Associates. I'm calling in regards to the legal matter filed for Jonathan Parrish. The case does include possible wage garnishment along with some legal documents that need to be delivered. Jonathan can reach me directly at 716-242-7596. The case number filed is A as in apple, 78170."

14. Tex. Const., Art. 16, § 28 provides:

GARNISHMENT OF WAGES.  No current wages for personal service shall ever be subject to garnishment, except for the enforcement of court-ordered:

   a. child support payments; or

   b. spousal maintenance.

15. Plaintiff's alleged debt arose from a personal loan, and thus, Plaintiff's wages could not be subject to garnishment as a result of the alleged debt.

16. In its voicemail message of October 5, 2011, Defendant threatened to take an action, specifically garnishing of Plaintiff's wages, it did not actually intended to take.

17. In its voicemail message of October 5, 2011, Defendant threatened to take an action, specifically garnishing of Plaintiff's wages, it could not legally take as the alleged debt arose from a personal loan.

18. In its voicemail message of October 5, 2011, Defendant failed to inform Plaintiff that the communication was from a debt collector.

19. In failing to disclose that Defendant is a debt collector, Defendant failed to meaningfully disclose its identity in its voicemail message of October 5, 2011.

20. In its voicemail message of October 5, 2011, Defendant conveyed a false sense of urgency with regard to said call for the purpose of compelling Plaintiff to communicate with a debt collector.

21. In connection with collection of an alleged debt in default, Defendant called Plaintiff's telephone on October 7, 2011 at 1:54 P.M., and at such time, left the following voicemail message:

> "My name is Ms. Fuller. I'm contacting Jonathan Parrish in regards to a matter attached to his social security number. Jonathan can reach me directly at 716-242-7596 and file number 78170."

22. In its voicemail message of October 7, 2011, Defendant failed to inform Plaintiff that the communication was from a debt collector.

23. In failing to disclose that Defendant is a debt collector, Defendant failed to meaningfully disclose its identity in its voicemail message of October 7, 2011.

24. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and/or emotional distress.

25. As a result of the above violations of the FDCPA, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress, and Defendants are liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692(d)(6)

26. Plaintiff repeats and re-alleges each and every allegation contained above.

27. Defendant violated 15 U.S.C. § 1692(d)(6) by placing a telephone call without meaningfully disclosing the caller's identity.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692(d)(6);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(11)

28. Plaintiff repeats and re-alleges each and every allegation contained above.

29. Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(10)

30. Plaintiff repeats and re-alleges each and every allegation contained above.

31. Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, and by conveying a false sense of urgency in telephone calls to Plaintiff for the purpose of compelling Plaintiff to communicate with a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692e(5)

32. Plaintiff repeats and re-alleges each and every allegation contained above.

33. Defendant violated 15 U.S.C. § 1692e(5) by threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(5)

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF TEX FIN CODE § 392.304(A)(19)

34. Plaintiff repeats and re-alleges each and every allegation above.

35. Defendant violated TEX FIN CODE § 392.304(a)(19) by using false representations or deceptive means to collect a debt or obtain information concerning a consumer.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated TEX FIN CODE § 392.304(a)(19);

b) Awarding Plaintiff statutory damages pursuant to the TDCA;

c) Awarding Plaintiff actual damages pursuant to the TDCA;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF TEX. FIN. CODE § 392.304(A)(5)(B)

36. Plaintiff repeats and re-alleges each and every allegation above.

37. Defendant violated Tex. Fin. Code § 392.304(a)(5)(B) by failing to disclose, except in a formal pleading made in connection with a legal action, that the communication is from a debt collector, where such communication was a written or oral communication between Defendant and Plaintiff subsequent to the initial communication.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

  g) Adjudging that Defendant violated Tex. Fin. Code § 392.304(a)(5)(B);

  h) Awarding Plaintiff statutory damages pursuant to the TDCA;

  i) Awarding Plaintiff actual damages pursuant to the TDCA;

  j) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

  k) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

  l) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII
## VIOLATION OF TEX. FIN. CODE § 392.301(A)(7)

38. Plaintiff repeats and re-alleges each and every allegation above.

39. Defendant violated TEX. FIN. CODE § 392.301(a)(7) by threatening that nonpayment of a consumer debt will result in the seizure, repossession, or sale of the person's property without proper court proceedings, specifically, that Plaintiff's wages would be garnished.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

  m) Adjudging that Defendant violated TEX. FIN. CODE § 392.301(a)(7);

n) Awarding Plaintiff statutory damages pursuant to the TDCA;

o) Awarding Plaintiff actual damages pursuant to the TDCA;

p) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

q) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

r) Awarding such other and further relief as the Court may deem just and proper.

### COUNT VIII
### VIOLATION OF TEX. FIN. CODE § 392.301(A)(8)

40. Plaintiff repeats and re-alleges each and every allegation above.

41. Defendant violated TEX. FIN. CODE § 392.301(a)(8) threatening to take an action against Plaintiff that could not be legally taken, specifically, garnishing Plaintiff's wages despite the fact that the alleged debt arose from a personal loan.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

s) Adjudging that Defendant violated TEX. FIN. CODE § 392.301(a)(8);

t) Awarding Plaintiff statutory damages pursuant to the TDCA;

u) Awarding Plaintiff actual damages pursuant to the TDCA;

v) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

w) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

x) Awarding such other and further relief as the Court may deem just and proper.

### COUNT IX
### VIOLATION OF DTPA

42. Plaintiff repeats and re-alleges each and every allegation by reference herein all prior paragraphs above.

43. A violation of the TDCA is a deceptive trade practice under the DTPA, and is actionable under the DTPA. TEX. FIN. CODE. § 392.404(a)

44. By having violated the TDCA as enumerated herein, Defendant violated TEX. BUS. & COM. CODE § 17.50(h).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the DTPA, TEX. BUS. & COM. CODE, Chapter 17, Subchapter E.

b) Awarding Plaintiff actual damages, pursuant to TEX. BUS. & COM. CODE § 17.50(h);

c) Awarding Plaintiff three times actual damages, pursuant to TEX. BUS. & COM. CODE § 17.50(h).

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

45. Plaintiff is entitled to and hereby demands a trial by jury.

                                          Respectfully submitted,

                                          By: <u>/s/ Dennis R. Kurz</u>
                                          Dennis R. Kurz
                                          Texas State Bar # 24068183
                                          Dkruz@attorneysforconsumers.com
                                          WEISBERG & MEYERS, LLC
                                          Two Allen Center
                                          1200 Smith Street
                                          Sixteenth Floor
                                          Houston, TX 77002
                                          Telephone:     (888) 595-9111
                                          Facsimile:      (866) 565-1327

                                          *Attorney for Plaintiff*
                                          JONATHAN PARRISH